## Margolin et al. v. Richards

*Wisler, Pearlstine, Talone & Gerber,* for plaintiffs.
    *Fox, Fox, Honeyman & Schermerhorn,* for defendant.

DANNEHOWER, J., December 21, 1949.—This case comes before the court on a petition to open a judgment, secured by confession in an amicable action in ejectment, and answer filed thereto, and depositions, on the grounds that a covenant in the lease prohibiting dogs was waived and was not a substantial obligation of the

tenancy. A second petition to vacate the judgment was also filed on the ground that a real owner of the apartments was not included and registered under the Fictitious Names Act of May 24, 1945, P. L. 967, 54 PS §28.1 et seq., and, as a result, plaintiffs cannot institute this action. We shall therefore dispose of both of these questions in this opinion.

Plaintiffs in this amicable action in ejectment are registered under the Fictitious Names Registration Act, supra, as Latches Lane Apartments, in which defendant is a tenant under the provisions of a carefully drawn lease, dated March 1, 1949, of an apartment of 5 rooms and 2 baths, no. 111, for a term of two years at $165 per month rent. Included in its terms is the following: "No domestic or wild animals or birds shall be maintained in or about the building save with written consent of the lessor." Defendant keeps a small female dog, part Scottie and Cocker, in his apartment, and, after many notices, refuses to comply with the terms of the lease.

. Latches Lane is a new apartment with 84 units and a rent scale from $90 to $350 a month. It was completed in April 1949 at a cost in excess of $1,200,000.

Several tenants complained about the presence of dogs on the premises, and of the six who had dogs in their apartments, all except defendant have removed their dogs. Now the management is being constantly requested by numerous other tenants to allow them to have dogs.

Defendant contends that before he signed the lease, he advised the manager that he had a dog, and was told dogs were not allowed, but that he might surreptitiously bring the dog in and out the cellar door. The lease was later executed at the main office in Philadelphia, and the manager was not present. There was nothing to indicate the manager had any authority to

waive any provision in the lease, and, furthermore, whatever oral agreements or conversations were made before signing a contract are merged in the written agreement: Gianni v. R. Russell & Co., Inc., 281 Pa. 320 (1924) ; and the written instrument contains the entire agreement between the parties according to its terms.

This apartment is not controlled housing under the Housing and Rent Act because it was completed after February 1, 1947: Housing and Rent Act of March 30, 1949, §201(c) (3), 63 Stat. at L. 19. Moreover, the provision prohibiting dogs is a substantial obligation of the tenancy in view of the number of apartments, the rental, and the cost of the investment. If only one third of the tenants in this apartment house had dogs, it would create a nuisance of which the other tenants might have just cause to complain.

With regard to the Fictitious Names Act, supra, defendant contends that one partner in the enterprise is not properly recorded, that Ephraim J. Frankel, husband of Zerline T. Frankel, is an owner of the property and is not listed as a person interested in the business. Of course, it does not follow that all owners are the same persons who operate the apartment house business. Here defendant authorized the confession of judgment to those individuals who are plaintiffs, thus giving them the power to do just what was done.

Such registration, under the law, is presumed to be valid, and he who attacks the sufficiency or validity of the registration has the burden of proving it. Moreover, such registration cannot be collaterally attacked in a proceeding such as this, where plaintiffs used the very power and authority to confess judgment which defendant gave them in the lease. Failing to register is a violation of the Fictitious Names Act, a penal statute, and has its own remedy prescribed in the statute.

It follows, therefore, that none of defendant's objections has any merit, and the judgment should not be opened or vacated.

And now, December 21, 1949, for the foregoing reasons, defendant's rule to open the judgment in ejectment, and the rule to vacate the judgment, are hereby discharged and refused, and the petitions dismissed.